# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AIRS FRAGRANCE PRODUCTS, INC., et al., <br><br>     Plaintiffs, <br><br>     v. <br><br>CLOVER GIFTS, INC., et al., <br><br>     Defendants. | 2:05-cv-960-RCJ-RJJ <br><br>**ORDER** |

Currently before the Court is Victoria's Secret Stores Brand Management, Inc.'s Emergency Ex Parte Motion for Order to Show Cause Why Stephen Marcus and Airs Aromatics, LLC Should Not be Held in Contempt for Failure to Comply with Order and Final Judgment (#192). The Court heard oral argument on July 15, 2011.

## DISCUSSION

On March 5, 2007, this Court granted the parties' stipulation to dismiss with prejudice all claims against Victoria's Secret in this case. (Order on Stipulation (#94) at 2). On September 24, 2008, this Court issued an order and final judgment in this case. (Order (#150)). As part of this case, the Court issued a final and permanent injunction prohibiting Stephen Marcus, Patricia Lau, Clover Gifts, Inc., Airs Fragrance Products, Inc., and Mine Hakim, and any agents, representatives or anyone in concert with or in control of these parties from:

    1.    Claiming or asserting any rights superior to any other parties' use of rights in the AIRS family of trademarks, including ANGEL DREAMS, AIRS, AIRSWORLD, AFRICAN WIND, ATMOSPHERE, DRAGON CLOUD, OCEAN, RAIN MUSK, WHITE LACE, RUSSIAN AMBER, STAR SANDLEWOOD, JASMINE ITALIAN, BLACK OPIUM, KASHMIR,

    PATCHOULI, FRENCH VANILLA, CHINA MOON, and RAIN.

2. From filing any documents with any government agency in the United States or Canada asserting any rights in the AIRS family of trademarks.

3. Within thirty (30) days of this order, Plaintiffs and Defendants shall expressly withdraw any pending trademark applications covering any trademarks in the AIRS family of trademarks and shall expressly inform the Commissioner of Trademarks in both the United States and Canada of this Order and concurrently request the express cancellation of any registered marks covering the AIRS family of marks in the names of any of the parties.

4. Interfering in any manner with the appearing parties' use of its marks or business dealings.

5. From claiming or asserting any rights superior to the appearing parties in the domain name addresses "airsworld.com" or "airs.ca."

6. Each side shall bear its own costs and fees.

7. The Clerk of the Court shall notify the United States Commissioner of Trademarks of this decision.

(Order (#150) at 10).

Victoria's Secret now moves for an order requiring Stephen Marcus to show cause why he should not be held in contempt of court for violating this Court's order based on a lawsuit that Airs Aromatics, LLC ("AIRS") filed against Victoria's Secret in the U.S. District Court for the Central District of California. (Ex. C (#193-3)). Victoria's Secret contends that Stephen Marcus is affiliated with AIRS.

The Court finds that Victoria's Secret is not a party to the prior order because it had been dismissed from the case. The order directed the rights of the remaining parties in the lawsuit. As such, the Court finds that Victoria's Secret cannot enforce an order that it was not a party to. Accordingly, the Court denies Victoria's Secret's Emergency Ex Parte Motion for Order to Show Cause Why Stephen Marcus and Airs Aromatics, LLC Should Not be Held in Contempt for Failure to Comply with Order and Final Judgment (#192).

///
///
///
///

2

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Emergency Ex Parte Motion for Order to Show Cause Why Stephen Marcus and Airs Aromatics, LLC Should Not be Held in Contempt for Failure to Comply with Order and Final Judgment (#192) is DENIED.

DATED: This 26TH day of July, 2011.

_____
United States District Judge